Seaman v. Johnson.

---

CLEMENT M. SEAMAN, Respondent, *v.* BEN. JOHNSON, Appellant.

1. *Practice, civil — Actions — What will lie at law between partners.* — An action will lie at law by a partner against his co-partner, without a settlement of partnership accounts, for money received by the latter as plaintiff's agent and credited to him in an account disconnected with the affairs of the firm.

*Appeal from St. Louis Circuit Court.*

*H. N. Hart,* for appellant.

*Davis & Bowman,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover moneys alleged to have been received by the defendant to the plaintiff's use, and for the value

of goods sold. One count charges that the defendant is indebted to the plaintiff in the sum of $978 for moneys had and received by the defendant to the plaintiff's use. The answer does not specifically deny the receipt of the money, but denies the alleged indebtedness. Whether this mode of pleading put the plaintiff's claim in issue, it is not necessary to inquire. . A trial was had upon the merits, which resulted in a verdict and judgment for the plaintiff; and the defendant brings the case here by appeal. The questions sought to be raised by the appeal spring out of the action of the court in giving and refusing instructions. No instructions were given for the plaintiff, and those asked by the defendant were refused. The court, however, upon its own motion, gave an instruction embodying the principle contended for by the defendant, a clause being added to present a further aspect of the case. It directed the jury that if the "plaintiff and defendant were part owners of the steamboat ' Only Chance,' and the account sued on accrued while they were such part owners, and the affairs of such partnership were unsettled, then the plaintiff could not recover, unless the jury further found that the defendant received the amounts sued for as the agent of plaintiff, and so credited the plaintiff, upon a separate account by him stated, as the plaintiff's agent." The jury appear to have found the facts hypothecated in the closing part of the instruction, and returned a verdict for plaintiff accordingly.

There was some evidence on which to base that part of the instruction which referred to the supposed agency, and the finding of the jury on that subject is conclusive. If the defendant received the moneys sued for as the plaintiff's agent, and credited them to him in an account disconnected with the affairs of the boat, according to the hypothesis of the instruction, and as the jury must have found, there can be no doubt that an action for the moneys so received and set apart is sustainable at law. The evidence bearing upon this branch of the case seems slight, but we can not undertake to estimate its weight or value. That was the business of the jury.

The judgment must be affirmed. The other judges concur.